IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ISELA LOBLEY, on behalf of ) | |
| JAYLEN LOBLEY, deceased, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 25-cv-02539-SHL-tmp |
| ) | |
| MEMPHIS POLICE DEPARTMENT, ) | |
| ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

Before the court is defendant City of Memphis's (the "City") Motion to Dismiss for Failure to State a Claim, filed on May 29, 2025. (ECF No. 8.) Also before the court is *pro se* plaintiff Isela Lobley's Motion for Leave to File Amended Complaint, filed on August 13, 2025 (ECF No. 13) and her Motion for Leave to File Second Amended Complaint, filed on August 21, 2025 (ECF No. 15). For the reasons below, the undersigned recommends that the City's Motion to Dismiss be granted, and Lobley's Motion for Leave to File Amended Complaint and Motion for Leave to File Second Amended Complaint be denied.

**I. PROPOSED FINDINGS OF FACT**

**A.    Factual Allegations**

Isela Lobley initiated this action on April 11, 2025, in the Shelby County Circuit Court, asserting that her son, Jaylen Lobley, was killed by Memphis police officers while he "was not a threat to the officers." (ECF No. 1-2.) This tragic event occurred on April 12, 2024, when officers on duty responded to a call about a suspicious car. Id. She claims her son was the driver and was accompanied by a passenger. Id. She alleges that both occupants of the car were asleep when the police arrived, and after the officers attempted to wake them but failed, the officers "let the air out of the rear tires" and "attempted to break the passenger window." Id. The passenger then pulled out his weapon and fired on the officers, at which time Jaylen Lobley awakened to gunfire, tried to drive away, and crashed. Id. Plaintiff alleges that her son never fired a weapon nor pointed a weapon at any officers. Id. Jaylen Lobley later died at the hospital. Id. On May 22, 2025, the case was removed on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a).

**B.   Procedural History**

After removal, the City filed a Motion to Dismiss for Failure to State a Claim on May 29, 2025. (ECF No. 8.) The City notes that although Plaintiff did not name a specific statute, she based her claim on allegations of excessive force by officers of the Memphis Police Department arising under 42 U.S.C. § 1983. (ECF No. 8 at PageID 2.) The City argues that Plaintiff's Complaint names some

individual police officers and contains allegations regarding events that led to her son's death, but no factual allegations are directed against the City or the Memphis Police Department. (ECF No. 8 at PageID 3.)

On June 30, 2025, the undersigned entered an Order to Show Cause based on Lobley's failure to respond to the City's Motion to Dismiss. (ECF No. 9.) Lobley filed a Motion for Extension of Time on July 11, 2025, which was granted on July 14, 2025. (ECF Nos. 10, 11.) She then filed an Opposition to the Motion to Dismiss on August 4, a Motion for Leave to File Amended Complaint on August 13, and Motion for Leave to File a Second Amended Complaint on August 21, 2025. (ECF Nos. 12, 13, 15.)

## II.   PROPOSED CONCLUSIONS OF LAW

**A.   Motion to Dismiss**

1.   Standard of Review

To state a claim for relief, Federal Rule of Civil Procedure 8(a)(2) requires that a pleading only contain "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). However, to survive a Rule 12(b)(6) motion to dismiss, "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." Fritz v. Charter Twp. of Comstock, 592 F.3d 718, 722 (6th Cir. 2010) (quoting Ashcroft

- 3 -

v. Iqbal, 556 U.S. 662, 677 (2009)); see also Chambers v. Sanders, 63 F.4th 1092, 1096 (6th Cir. 2023). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. To satisfy this requirement, a plaintiff must plead more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "'naked assertions' devoid of 'further factual enhancement.'" Id. (alteration omitted) (quoting Twombly, 550 U.S. at 555, 557).

*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers and are thus liberally construed. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011); Kremer v. Unilever, PLC, No. 24-cv-01410, 2025 WL 2674556, at *6 (M.D. Tenn Sept. 18, 2025). Even so, *pro so* litigants must adhere to the Federal Rules of Civil Procedure, see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and the court cannot create a claim that has not been spelled out in a pleading. See Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003); Wooden v. Lee, No. 24-cv-01052, 2025 WL 2678796, at *5 (W.D. Tenn. Sept. 18,

2025).

    2. Section 1983 Claims

Plaintiff's Complaint is styled as an action brought under § 1983. "To succeed on a § 1983 claim, a plaintiff must first identify a constitutional right, then show that a person acting under the color of state law deprived him of that right." Susselman v. Washtenaw Cnty. Sheriff's Office, 109 F.4th 864, 870 (6th Cir. 2024) (citing Troutman v. Louisville Metro Dep't of Corr., 979 F.3d 472, 482 (6th Cir. 2020)). In a case brought against municipal defendants such as the City, a plaintiff must plausibly allege the existence of an unlawful policy or custom. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978); see also Hart v. City of Grand Rapids, 138 F.4th 409, 425 (6th Cir. 2025). Even though Lobley's Complaint sufficiently alleges a constitutional violation, she does not provide any factual allegations to plausibly allege the municipal defendant had an unlawful policy or custom to deprive Jaylen Lobley of that constitutional right.

"Unlike states, . . . local governments, municipalities, and counties are considered 'persons' within the meaning of 42 U.S.C. § 1983[.]" Alkire v. Irving, 330 F.3d 802, 814 (6th Cir. 2003); see also Wright v. Louisville Metro Gov't, 144 F.4th 817, 827 (6th Cir. 2025). However, a municipality cannot be held liable under § 1983 for the constitutional violations of its employees on a theory of *respondeat superior*. Morris v. City of Memphis, No. 19-cv-2874-

MSN-tmp, 2021 WL 1878357, at *3 (W.D. Tenn. Apr. 20, 2021) (citing Monell, 436 U.S. at 694). "Rather, the City may be held only directly liable 'for unconstitutional policies, practices, or customs that were the moving force behind the deprivation of plaintiffs' rights." Id. (quoting Pethel v. State Dep't of Children Servs., No. 3:10-cv-469-TAV-HBG, 2020 WL 6827791, at *16 (E.D. Tenn. Nov. 20, 2020) and citing Monell, 436 U.S. at 694) (internal quotations omitted).

The Sixth Circuit has identified "at least four avenues" through which a plaintiff may prove the existence of a municipality's unlawful policy or custom. Franklin v. Franklin Cnty., 115 F.4th 461, 470 (6th Cir. 2024) (quoting Thomas v. City of Chattanooga, 398 F.3d 426, 429 (6th Cir. 2005)). These include: "(1) the municipality's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations." Id. "In the context of [§] 1983 municipal liability, district courts in the Sixth Circuit have interpreted Iqbal's standards strictly." Epperson v. City of Humboldt, Tenn., 140 F. Supp. 3d 676, 685 (W.D. Tenn. 2015) (quoting Hutchison v. Metro. Gov't of Nashville & Davidson Cnty., 685 F. Supp. 2d 747, 751 (M.D. Tenn. 2010)) (additional citations omitted).

At the motion to dismiss stage, the Sixth Circuit has routinely found that conclusory, speculative allegations are insufficient to state a plausible claim for relief against a municipality. See, e.g., Brent v. Wayne Cnty. Dep't of Human Servs., 901 F.3d 656, 698 (6th Cir. 2018) (affirming dismissal of plaintiff's municipal liability claim where complaint failed to allege "a single fact" suggesting that Fourth Amendment violations were the result of defendant city's custom or policy); D'Ambrosio v. Marino, 747 F.3d 378, 387-88 (6th Cir. 2014) (applying four-prong custom of tolerance standard to hold that plaintiff's "lone, conclusory allegation" of employee's misconduct did not state a plausible claim of municipal liability). By contrast, in cases where the Sixth Circuit has found that complaints satisfied the plausibility requirement, those complaints contained at least some details as to the custom or practice challenged and identified specific instances of similar past conduct. See, e.g., Osberry v. Slusher, 750 F. App'x 385, 398 (6th Cir. 2018) (quoting Iqbal, 556 U.S. at 680) (finding that six prior cases of alleged unconstitutional conduct identified in plaintiff's amended complaint "nudge[d] Osberry's Monell claim 'across the line from conceivable to plausible'" under Iqbal's pleading standard); Green v. Metro Gov't of Nashville and Davidson Cnty., 482 F. App'x 63, 65-66 (6th Cir. 2012) (reversing dismissal of municipal liability claim where plaintiff "did not merely allege a policy of enforcing

facially invalid state court order," but offered discrete statements from two county employees that this was the county's policy in amended complaint).

Here, Isela Lobley does not identify any discrete examples of similar constitutional violations within the four corners of her original Complaint. She instead relies on conclusory allegations with no further explanation that her son "was killed by Memphis police officers" and "[a]s a consequence of the off[ic]er[']s actions," her family suffered harm. (ECF No. 1-2.) "Allowing Plaintiff's single incident to support a finding of municipal liability would 'result in the collapsing of the municipal liability standard into a simple respondeat superior standard.'" Doe v. Shelby Cnty. Gov't, No. 2:18-cv-02637-JPM/tmp, 2020 WL 5995507, at *7 (W.D. Tenn. Oct 9, 2020) (quoting Thomas, 398 F.3d at 432-33). Because "[t]his path to municipal liability has been forbidden by the Supreme Court," Lobley's conclusory allegations, without more, are not sufficient to state a claim under § 1983. Thomas, 398 F.3d at 433 (citations omitted); see also Bickerstaff v. Lucarelli, 830 F.3d 388, 402 (6th Cir. 2016) ("With no factual allegations showing a formal policy or any prior incidents to support the [City's] adoption of such an informal practice or custom, [Plaintiff's] Monell municipal-liability claim accordingly fails.").

In sum, Lobley has not plausibly alleged that the City so inadequately failed to train its officers or ignored a pattern of sufficiently similar constitutional violations for municipal liability to attach. Accordingly, the undersigned recommends that Plaintiff's claims under § 1983 be dismissed.

**B.  Motion to Amend Complaint**

Lobley's first Motion for Leave to File Amended Complaint attempts to correct the deficiencies that the City's Motion to Dismiss highlights. (ECF No. 13-1.) In Count One, Lobley elaborates upon her § 1983 claim that the officers' "use of force was unreasonable and caused Jaylen's death." (Id. at PageID 37.) In Count Two, Lobley also claims "[t]he City maintained policies or customs that failed to train and supervise officers on constitutional use of force." (Id.) However, formulaic recitation of the elements of a § 1983 cause of action is insufficient to state a claim. Birgs v. City of Memphis, 686 F. Supp. 2d 776, 779 (W.D. Tenn. 2010) (quoting Twombly, 550 U.S. at 555); see also Jones v. Couvreur, No. 17-CV-11185, 2017 WL 1543703, at *4 (E.D. Mich. Apr. 28, 2017) (dismissing complaint that relied on "mere boilerplate language" to establish alleged failure to train theory).

Lobley also attempts to add individual officers to be "sued

in their individual and official capacities."[1] (ECF No. 13-1 at PageID 36-37.) When a government official is sued in their official capacity, courts treat it as "the equivalent of a suit against the governmental entity," so the Monell requirements would still apply. Lane v. City of Lafollette, 490 F.3d 410, 423 (6th Cir. 2007); Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994); see also Lee v. Mayfield, No. 25-5233, 2025 WL 726856, at *2 (6th Cir. Aug. 26, 2025); Enoch v. Hamilton Cty. Sheriff's Office, 818 F. App'x 398, 406 (6th Cir. 2020). Since Lobley's Amended Complaint still fails to adequately state a § 1983 claim that would meet the Monell standard, the amendment would be futile as to the claims against the City and the officers in their official capacity. Riverview Health Inst. LLC v. Med. Mut. of Ohio, 601 F.3d 505, 512 (6th Cir. 2010) (explaining that a proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss); see also Greer v. Strange Honey Farm, LLC, 114 F.4th 605, 617 (6th Cir. 2024).

Regarding the suit against the named officers individually,

---

[1] Although names are listed in the facts section of her the original Complaint, Lobley attempts to add the following Memphis police officers as defendants in her Amended Complaint: Joseph McKenny, Mamdou Diallo, Steven Dortch, Deangelo Hodges, Katie Alaya, Jacob Nidetz, Francisco Torres, Michael Austin, Benjamin Howell, Corderrius Stone, Anthony Weeden, Raul De La Cueva, and Keith Wort. However, based on her original Complaint, Memphis Police Department (the City of Memphis) is the only named defendant in this case.

Lobley writes only that they "violated Jaylen's Fourth and Fourteenth Amendments." (ECF No. 13-1 at PageID 37.) However, "damages claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the . . . right . . . . [and] separately analyz[ing] the constitutionality of the individual actions of each defendant." Lanman v. Hinson, 529 F.3d 673, 684 (6th Cir. 2008) (citing Terrance v. Northville Reg'l Psychiatric Hosp., 286 F.3d 834, 842 (6th Cir. 2002)); see also Mobley v. U.S. Dep't of Justice, No. 2:22-cv-02860-SHM-tmp, 2024 WL 712889, at *6 (W.D. Tenn. Feb. 21, 2024). Lobley does not identify how any specific officer acted to violate her son's constitutional rights, nor does she provide facts alleging which of the named officers were personally responsible for which parts of the police encounter. Thus, her proposed Amended Complaint does not meet the standard to establish individual liability against the officers.

In her Motion for Leave to File Amended Complaint, Lobley mentions a "wrongful death claim under Tennessee law" arising out of the same encounter that forms the basis of her § 1983 claims, labeling it as Count Three.[2] (ECF No. 13-1 at PageID 37.) In the

---

[2] Lobley makes a passing reference to wrongful death in the heading of her original complaint (ECF No. 1-2), but her Motion to Amend Complaint is the first time she separately alleges wrongful death as a standalone count.

City's response in opposition to her motion to amend, they argue that because the wrongful death count is based on the same factual allegations as her § 1983 counts, the amendment would be futile. (ECF No. 16 at PageID 4-5.) The undersigned agrees. It is well established in the Sixth Circuit that the City is immune from suit for wrongful death where, as here, the basis for such a claim arises out of the § 1983 claim. See <u>Johnson v. City of Memphis</u>, 617 F.3d 864, 872 (6th Cir. 2010); <u>see also</u> <u>Pheap v. City of Knoxville</u>, 687 F. Supp. 3d 807, 819 (E.D. Tenn. 2023) (discussing the civil rights exception under the Tennessee Governmental Tort Liability Act). Thus, this proposed amendment would be futile.

**C.  Motion for Leave to File a Second Amended Complaint**

Lobley also filed a Motion for Leave to File a Second Amended Complaint. (ECF No. 15.) In the City's opposition to the motion, it correctly argues that Plaintiff failed to attach her proposed Second Amended Complaint to her motion, as required by Local Rule 15.1(a). (ECF No. 16.) Without the substance of the proposed amended complaint, the undersigned was unable to determine whether leave should be granted. As such, on September 30, 2025, Lobley was ordered to file her proposed second amended complaint within ten days. (ECF No. 17.) As of the date of this report and recommendation, Plaintiff has not filed her second amended complaint. Therefore, this motion should be denied.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the City's Motion to Dismiss be granted, and Lobley's Motion for Leave to File Amended Complaint and Motion for Leave to File Second Amended Complaint be denied.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

December 12, 2025
Date

### NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**