# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| ISELA LOBLEY, on behalf of JAYLEN LOBLEY, deceased, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No. 2:25-cv-02539-SHL-tmp |
| MEMPHIS POLICE DEPARTMENT, ) ) ) | |
| Defendant. ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## AND DISMISSING COMPLAINT WITH PREJUDICE

Before the Court is Chief Magistrate Judge Tu M. Pham's Report and Recommendation ("R&R"), filed December 12, 2025. (ECF No. 18.) The R&R recommends that the Court grant Defendant City of Memphis'[1] Motion to Dismiss (ECF No. 8), which was filed on May 29, 2025, and dismiss Plaintiff Isela Lobley's pro se complaint (ECF No. 1-2) with prejudice. The R&R also recommends denial of Lobley's Motion for Leave to File Amended Complaint (ECF No. 13) and Motion for Leave to File Second Amended Complaint (ECF No. 15). Lobley timely objected to the R&R on December 23, 2025. (ECF No. 19.) The City responded to Lobley's objections on January 6, 2026. (ECF No. 20.)

For the reasons stated below, the Court **ADOPTS** the R&R, **GRANTS** the City of Memphis' Motion to Dismiss, and **DENIES** Lobley's motions for leave to file an amended complaint.

---

[1] The City of Memphis is the Defendant here, and states that it was "incorrectly named as Memphis Police Department in the Complaint." (ECF No. 1 at PageID 1.)

## I.     BACKGROUND[2]

This action arises out of the tragic death of Lobley's son, Jaylen, whom Lobley alleges died because of excessive force used by Memphis Police Officers. (ECF No. 1-2 at PageID 8.) The Complaint alleges that, on April 12, 2024, Jaylen was sleeping inside of a car in the driver's seat with a passenger named Devaron Taylor, who was also asleep. (Id.) Officers responded to a call about the car being suspicious. (Id.) Lobley alleges that, when officers arrived, Jaylen and Taylor remained asleep. (Id.) The officers tried to awaken the young men, but failed, and so they "proceeded to let the air out of the rear tires." (Id.) After doing so, the officers "attempted to break the passenger window." (Id.) In response to the officers' actions, Taylor woke up, "pulled his weapon[,] and" shot at the officers. (Id.) The officers shot back. (Id.) During that shootout, Jaylen woke up, began driving the car to escape the gunfire, and crashed. (Id.) One of the officers on the scene, Officer McKinney, was killed during the shooting. (Id.) Jaylen later died at the hospital.[3] (Id.)

Lobley brought this action in the Shelby County Circuit Court on April 11, 2025, and the City removed it to this Court on May 22 under 28 U.S.C. § 1441. (ECF No. 1.) The one-page Complaint appears to include wrongful death, excessive force, and police misconduct claims. (ECF No. 1-2.) It also alleges that, as a result of the officer's actions, Lobley and her family "suffered non economic damages[,] including but not limited to, loss of love, support and

---

[2] The factual description comes from the allegations of the Complaint, which are accepted as true for purposes of reviewing the R&R and ruling on the Motion to Dismiss.

[3] The allegations describing Jaylen's cause of death have changed over time, presumably because more facts became available to Lobley. The Complaint does not assert what caused Jaylen's death—it only states that he drove away, crashed, and died at the hospital. (ECF No. 1-2 at PageID 8.) But the first proposed Amended Complaint includes an allegation that, during the shooting, Jaylen was struck by an officer's gunfire. (See ECF No. 13-1 at PageID 38.) In the proposed Amended Complaint, Plaintiff Lobley appears to state that Jaylen's death arose from the gunshot injuries, not solely the car crash. (Id.)

expectations of future support," and "loss of future grandchildren." (Id. at PageID 8.)

In its Motion to Dismiss, the City construes the Complaint as asserting various claims under 42 U.S.C. § 1983, but argues that the Complaint fails to state a claim for which relief can be granted. Specifically, the City contends that there are no factual allegations linking the City "to the conduct at issue," it does not allege facts satisfying "the material elements of any recognized legal claim," and it does not plausibly allege municipal liability under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978). (ECF No. 20–22.)

Lobley did not timely respond to the Motion to Dismiss, so the Court ordered her to show cause for her failure to respond, or face dismissal. (ECF No. 9.) Lobley obtained an extension of time to respond, (ECF No. 11), and responded, arguing that the Complaint satisfies the pleading requirements of Federal Rule of Civil Procedure 8. (ECF No. 12.) Nine days later, Lobley filed the Motion to Amend Complaint, in which she asserts that amendment is necessary for "accurate presentation of facts and claims." (ECF No. 13 at PageID 34.) The Motion to Amend Complaint contains a proposed Amended Complaint adding named Memphis Police Officers as defendants and new factual allegations. (ECF No. 13-1 at PageID 36–38.)

The week after the Motion to Amend Complaint, without a disposition on her pending motion, Lobley filed the Motion for Leave to File a Second Amended Complaint ("Second Motion"), arguing that she should be allowed to amend to "expand upon the claim that officers acted pursuant to an unconstitutional policy or custom, and to more clearly assert a failure to train, supervise, and discipline officers regarding use of force." (ECF No. 15 at PageID 42.) But the Second Motion did not contain a proposed amended complaint, so the Court ordered Lobley to file her proposed pleading. (See ECF No. 17.) Lobley never filed the pleading.

The R&R was filed on December 12, 2025. It recommends granting the City's motion, dismissing Lobley's complaint, and denying her motions to amend. (ECF No. 18 at PageID 53.) Lobley timely filed objections to the R&R, which are considered in more detail below. (ECF No. 19.)

## II.     THE R&R

A federal magistrate judge may submit to a district judge proposed findings of fact and recommendations for dismissal of a complaint for failure to state a claim. 28 U.S.C. § 636(b)(1)(B). "Within [fourteen] days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The R&R's proposed findings of fact are derived from the Complaint and are stated above. (ECF No. 18 at PageID 54.) As for its conclusions of law, the R&R recommends granting the City's Motion to Dismiss, and denying both Lobley's Motion to Amend Complaint and Motion for Leave to File a Second Amended Complaint.

First, regarding the Motion to Dismiss, the R&R construes Lobley's claims as 42 U.S.C. 1983 claims and recommends granting the Motion to Dismiss under the familiar plausible pleading standard applied to such motions. (Id. at PageID 56–57.) The R&R specifically states that Lobley's claims fail because the Complaint does not plausibly allege the existence of an unlawful policy or custom of the City that led to the deprivation of Jaylen's constitutional right. (Id. at PageID 57.) Thus, even though Lobley "sufficiently alleges a constitutional violation," the R&R states, she does not allege facts meeting the "policy or custom" requirement for § 1983

claims against municipalities. (Id. at PageID 58–59 (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978)).) Further, the R&R explains that Lobley "relies on conclusory allegations with no further explanation" about the actions that caused Jaylen's death. (Id. at PageID 60.) For these reasons, the R&R recommends granting the City's Motion to Dismiss.[4]

Second, the R&R recommends denying Lobley's Motion to Amend Complaint because amendment would be futile. It states that the proposed amended complaint's "formulaic recitation" of the elements of § 1983 claims do not correct the deficiencies in the Complaint. (Id. at PageID 61.) Also, the R&R explains that the attempt to state claims against the individual officers fails because the claims against those officers still do not meet the policy or custom requirement under Monell, a requirement that also applies to § 1983 claims against government officials sued in their official capacity. (Id. at PageID 62.) As for the individual-capacity claims against the officers, those fail because they are unspecific and fail to state with particularity the actions those officers took here. (Id. at PageID 63.) Finally, addressing Lobley's attempt to bring a state-law wrongful death claim, the R&R recommends that the claim fails because it arises out of the facts that form the basis of the § 1983 claims, which is impermissible. (Id. at PageID 63–64 (citing Johnson v. City of Memphis, 617 F.3d 864, 872 (6th Cir. 2010)).)

Third, and finally, the R&R recommends that the Motion for Leave to File a Second Amended Complaint be denied because Lobley failed to file a proposed Second Amended Complaint, despite a court order to do so. (ECF No. 18 at PageID 64.) Therefore, Lobley has deprived the Court of the ability to determine whether she should be granted leave to amend, and that motion should be denied.

---

[4] Such dismissal under Federal Rule 12(b)(6) is "on the merits," and, therefore, with prejudice. See Miller v. Collins, No. 23-3191, 2023 U.S. App. LEXIS 29681, at *12 (6th Cir. Nov. 6, 2023) (quoting Pratt v. Ventas, Inc., 365 F.3d 514, 522 (6th Cir. 2004)).

### III.     ANALYSIS

Lobley objects to two[5] conclusions of law in the R&R, and thus only these two conclusions are reviewed de novo. The remaining conclusions, including the denial of the first motion to amend, are reviewed for clear error. In addition, Lobley argues that she has alleged a proper defamation claim, even though no such claim was included in her Complaint. Her arguments are addressed below.

**A.     Lobley's Objections**

    **1.     The Proposed Second Amended Complaint**

Lobley first objects to the R&R's recommendation that the Second Motion be denied based on her failure to file a proposed second amended complaint.

Generally, courts may liberally construe the filings of pro se litigants, but a pro se litigant remains bound by the Federal Rules of Civil Procedure and governing local rules. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither this Court nor other courts . . . have been willing to abrogate basic pleading essentials in pro se suits.") (citing Haines v. Kerner, 404 U.S. 519 (1972)). While the procedural rules may be liberally applied to pro se litigants, see Wallace v. Brown, No. 17-cv-02269, 2020 U.S. Dist. LEXIS 130373, at *8–11 (W.D. Tenn. July 23, 2020) (citing W.D. Tenn. LR 1.1(e)), the liberality has limits; a court "is not required to develop legal theories and arguments" for them. Cunningham v. Enagic USA, Inc., NO. 15-0847, 2016 U.S. Dist. LEXIS 133406, at *4 (M.D. Tenn. Sep. 28, 2016) (citing Guarino v. Brookfield Twp. Trs., 980 F.2d 399, 406 (6th Cir. 1992)).

---

[5] Lobley asserts separate objections to the R&R regarding the Motion for Leave to File a Second Amended Complaint, at Paragraphs A and C of her filing. (ECF No. 19 at PageID 74.) Although in separate paragraphs, these two objections are identical and are considered below.

As for the timing of an amendment, when twenty-one days have lapsed after a party served their pleading, Federal Rule 15(a)(2) only allows amendment "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Although Rule 15 requires granting leave to amend "when justice so requires," justice does not require leave when there exists undue delay, undue prejudice to the opponent, a bad faith motive for amendment, repeated failure to cure deficiencies, or "futility of amendment." Id.; Foman v. Davis, 371 U.S. 178, 182 (1962). An amendment is futile if the pleading, as amended, would not survive a motion to dismiss. E.g., Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 420 (6th Cir. 2000).

Moreover, a motion for leave to amend must "state with particularity the grounds for amendment." Patterson v. Novartis Pharms. Corp., 451 F. App'x 495, 499 (6th Cir. 2011) (citing Evans v. Pearson Enters., Inc., 434 F.3d 839, 853 (6th Cir. 2006)). To aid this District in determining whether to grant leave to amend, Local Rule 15.1 requires that motions to amend a pleading include as an exhibit the signed proposed pleading that a party seeks leave to file. LR 15.1(a).

Lobley first argues that her proposed Second Amended Complaint "includes detailed factual allegations and . . . claims" under 42 U.S.C. § 1983, wrongful death, and defamation, which is impossible to evaluate because of her failure to file the document on the docket or attach it to any filing. (ECF No. 19 at PageID 73.) Despite this failure, she argues that the Second Motion should be granted. She asserts that the amendment "clearly alleges excessive force, failure to train, and deliberate indifference by officers acting under color of law, resulting in" Jaylen's death. (Id. at PageID 74.) She also argues that her proposed second amendment incorporates new evidence.

7

Opposing Lobley's objection, the City argues that Lobley's Second Motion fails because, like the first attempt to amend, it would be futile.[6] (ECF No. 20 at PageID 84.) The City further argues that Lobley's failure to attach a proposed amended pleading to the Second Motion, as required by Local Rule 15.1(a), and failure to file her proposed second amendment after Judge Pham's order to do so (ECF No. 17), constitute sufficient grounds for denial of the Second Motion. (ECF No. 20 at PageID 84.)

Lobley's Second Motion is **DENIED**, because she did not comply with the applicable procedural rules and justice does not require leave for her to amend the Complaint. First, contrary to her assertions, the proposed Second Amended Complaint does not exist in the record, as it was never filed, and, thus, could not include detailed factual allegations and claims under § 1983. And Lobley's failure to file the proposed Second Amended Complaint occurred despite the Court's September 30, 2025, order to file it. (ECF No. 17.) Because of Lobley's failure to comply with Local Rule 15.1, the Court cannot conclude that justice requires leave to file the Second Amended Complaint. Although the procedural rules are liberally construed for pro se filings, Lobley continually fails to adhere to them. Without a proposed Second Amended Complaint being filed, leave to amend is in contradiction to the Local Rules. See Guarino, 980 F.2d at 406 (rejecting the idea that courts should "abandon" positions of neutrality and assist in "developing legal theories" for nonmoving parties).

Second, to the extent that the attachments to Lobley's objection are liberally considered additional or new evidence supporting the Second Motion, that evidence is insufficient because it

---

[6] In its Response in Opposition to Lobley's Objection to the R&R, the City emphasizes that the proposed First Amended Complaint would not survive a Rule 12(b)(6) motion to dismiss, as Lobley's proposed amendment "provided no factual details to support" her assertion of § 1983 claims against the City. (ECF No. 20 at PageID 83.)

does not cure the original deficiencies in her complaint.  Specifically, the news article discussing Taylor's guilty plea to facilitation of second-degree murder and reckless aggravated assault does not make Lobley's § 1983 claims actionable, because it does not provide particular facts as to whether, how, and which officer allegedly violated Jaylen's rights, and does not satisfy the policy or custom element under Monell.  (ECF No. 19 at PageID 76); see Terrance v. Northville Reg'l Psychiatric Hosp., 286 F.3d 834, 842 (6th Cir. 2002) ("This court has consistently held that damage claims against governmental officials alleged to arise from violations of constitutional rights . . . must . . . allege facts that show . . . what each defendant did to violate the asserted right."); Lane v. City of Lafollette, 490 F.3d 410, 423 (6th Cir. 2007) (treating § 1983 claims against defendant officials in their official capacity as claims against a municipality).  Similarly, though Exhibit B to Lobley's objection references the "death notification form" for Jaylen, which alleges that his death was reported a homicide, that information also fails to cure the original deficiencies in the Complaint because it does not support an allegation that any officers are liable for his death.  (ECF No. 19.)

      Third, Lobley's filings demonstrate that any amendment, be it first or second, would be futile, because her amended complaints would not survive a Rule 12(b)(6) motion to dismiss.  Her alleged claims are conclusory recitations of the claim elements, do not identify actions undertaken by specific officers, and lack factual allegations supporting a policy or custom under Monell.  The Proposed Amended Complaint (ECF No. 13-1) attempts to add named Memphis Police officers as defendants, but still lacks any allegations about what each of those officers did, and how such actions violated the constitution or law.  (Id. at PageID 36–37 (referring, in the facts section, to the actions of "Officers," "Taylor," and "Jaylen").)

9

And, as for <u>Monell</u>, the Proposed Amended Complaint only states the legal conclusion that "[t]he City maintained policies or customs that failed to train and supervise officers on constitutional use of force," without elaboration as to what that policy is. (<u>Id.</u>)

Finally, Lobley's alleged state claim of wrongful death under Tennessee law would be futile because the wrongful death claim arises out of the facts underlying the § 1983 claims, and state personal injury claims in similar circumstances are barred. <u>See</u> <u>Johnson v. City of Memphis</u>, 617 F.3d 864, 872 (6th Cir. 2010) ("Plaintiff's claim regarding the dispatcher's negligence arises out of the same circumstances giving rise to her civil rights claim under § 1983. It therefore falls within the exception listed in [Tennessee Code Annotated] § 29-20-205, and the City retains its immunity.") (collecting cases).

Thus, the R&R's recommendation that the Motion for Leave to File a Second Amended Complaint be denied was not an error, and the R&R is **ADOPTED** as to that recommendation.

### 2.      Causation of Officer McKinney's Death

Lobley's final objection reviewed de novo is that Taylor, not Jaylen, was the shooter responsible for Officer McKinney's death. (ECF No. 19 at PageID 74.) According to Lobley, "[t]his fact is crucial and undermines the rationale in the dismissal recommendation." (<u>Id.</u>) The City does not address this argument in its response.

Although Lobley has maintained from the start that Jaylen never fired a gun at the officers, that fact does not cure the Complaint's deficiencies, which are explained above. Even accepted as true at the motion to dismiss stage, the facts that Taylor fired the shot that killed McKinney and Jaylen never fired a gun provide no insight into any allegations as to the actions of any officer, nor do they speak to a City policy. <u>Cf.</u> <u>Thomas v. City of Chattanooga</u>, 398 F.3d 426, 432–33 (6th Cir. 2005) (discussing how municipal liability cannot be collapsed into a

10

"simple respondeat superior standard" through a single alleged instance of excessive force).  In essence, an otherwise insufficient § 1983 claim for constitutional violations is not protected from dismissal by a plaintiff's allegedly non-wrongful conduct.  Therefore, the R&R does not err as to this issue.

**B.     Remaining Issues**

   **1.     Attempted Defamation Claim**

Although the R&R never addresses a defamation claim, because there is no such claim in the operative complaint, Lobley argues in her objection that she has properly alleged a defamation claim.  Because this novel argument does not address any aspect of the R&R and was not presented to the Magistrate Judge, it is not entitled to de novo review.  Uduko v. Cozzens, 975 F. Supp. 2d 750, 756 (E.D. Mich. 2013).

Parties are not permitted to raise new legal claims in their objections to a report and recommendation that were absent from the original complaint.  Murr v. United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (citing United States v. Waters, 158 F.3d 933, 936 (6th Cir. 1998)).  Rather, a claim raised for the first time in an objection, which was not before the magistrate judge, is waived, because "the objection procedure is not intended as an invitation to list additional grievances that are unrelated to the claims set out in the complaint."  Coleman v. Snyder, No. 16-10295, 2017 U.S. Dist. LEXIS 29230, at *7 (E.D. Mich. Mar. 2, 2017) (citing Swain v. Comm'r of Soc. Sec., 379 F. App'x 512, 517–18 (6th Cir. 2010)).  This principle applies with equal force to filings by pro se litigants.  Id.; accord Ramos v. Marlowe's Inc., No. 23-cv-02502, 2025 U.S. Dist. LEXIS 24494, at *6 (W.D. Tenn. Feb. 11, 2025).

Here, Lobley argues in her objection that the "Second Amended Complaint" states a "defamation claim based on the City's public implication that Jaylen was the shooter."  (ECF

No. 19 at PageID 74.) She further argues that the City's characterization of the incident was false, caused harm to Jaylen's family, and, therefore, is a sufficient defamation claim. (Id.) The City responds that Lobley's attempted defamation claim is procedurally barred because it is brought for the first time in her objection to the R&R, and, even if it is considered, it is time-barred under Tennessee law. (See ECF No. 20 at PageID 84–86.)

Lobley's defamation claim is procedurally barred because claims raised for the first time at the objection-to-an-R&R stage are waived, and Lobley did not attempt to allege this claim until her December 23 objection. See Murr v. United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (collecting cases in which claims raised in objections to an R&R were waived). Accordingly, Lobley's defamation claim is improperly alleged.

2.    **First Motion to Amend**

As explained above, Lobley never filed a proposed Second Amended Complaint, but did attach a proposed Amended Complaint to her first request to amend. (ECF No. 13-1.) Despite her compliance with the rules as to the first motion, the R&R recommends that it should be denied because amendment would be futile. (ECF No. 18 at PageID 61.) The R&R states that the proposed First Amended Complaint merely contains a "formulaic recitation of the elements of a § 1983 cause of action," and its official-capacity claims against the individual officers fail to meet the elements under Monell. (ECF No. 18 at PageID 61–62.) Because Lobley did not object to that legal conclusion in the R&R, the Court reviews it for clear error. Discerning no clear error in the recommendation as to the First Amended Complaint, the Court **ADOPTS** the R&R and **DENIES** the first Motion to Amend.

Understandably, Lobley seeks relief because she and her family lost her son. The Court acknowledges that the death of a loved one is immense and life-altering. But, as the record

12

shows, even tragic deaths arising from altercations with officers do not always create § 1983 liability for the officers involved or the municipalities employing them. Lobley has not stated a claim for the relief sought here.

## IV.   CONCLUSION

Having reviewed de novo the conclusions of the R&R to which Lobley objects, and having reviewed for clear error the remainder of the R&R, and discerning none, the Court **ADOPTS** the R&R in full. For the reasons explained above, City of Memphis' Motion to Dismiss (ECF No. 8) is **GRANTED** and the Complaint is **DISMISSED WITH PREJUDICE**. Lobley's Motion to Amend Complaint (ECF No. 13) and Motion for Leave to File Second Amended Complaint (ECF No. 15) are **DENIED**.

**IT IS SO ORDERED,** this 28th day of January, 2026.

s/ Sheryl H. Lipman<br>
SHERYL H. LIPMAN<br>
CHIEF UNITED STATES DISTRICT JUDGE